OAKLAND CEMETERY CO. *vs.* GRACE E. SMITH.

JANUARY 24, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is an action of assumpsit to recover a balance of $346 due for a cemetery lot sold to defendant. The case was tried by a justice of the Superior Court who rendered decision for plaintiff for the amount claimed. Defendant has brought the case to this court on her exception to the decision.

In January, 1931, defendant's husband died and she went to the cemetery and orally agreed with plaintiff's agent to purchase a lot for $400. The lot was large enough for eight graves. Before defendant could have her husband interred she had to pay $50 for one grave and $28 for the expense of opening it. In May she paid $4 on account.

At the close of the testimony defendant's attorney moved for a decision on the ground that the statute provides that: "No action shall be brought . . . whereby to charge any person upon any contract for the sale of lands . . . unless the promise be in writing, and signed by the party to be charged therewith . . ." § 4854, G. L. 1923. The trial justice overruled this motion because there had been a partial payment of the purchase price.

The evidence does not show whether defendant was to receive a deed conveying a fee simple or only an easement in the lot. In any event defendant would necessarily get a permanent right and interest in the lot. Any right or interest which it was intended she should have therein would be included in the word "lands" as used in our statute of frauds by force of § 409, G. L. 1923, relating to the construction of statutes, which states that the word "land" may be construed to include "rights thereto and interests therein." In *Potter* v. *Arnold*, 15 R. I. 350, this court held that an oral contract for the assignment of a leasehold interest was barred by the statute of frauds. In *re O'Rourke*, 34 N. Y. Supp. 45, the court refused to allow in an administrator's account the balance due for a cemetery lot because the contract to purchase was oral and within the statute of frauds.

Plaintiff contends the action can be maintained because defendant when her husband was buried took possession of the lot and paid part of the purchase price. This contention cannot be sustained. Payment, in whole or in part, and possession are equitable doctrines; they must be enforced in a court of equity and are not available in a law action. *Foster* v. *Browning*, 4 R. I. 47; 27 C. J. 343. Even in an appropriate proceeding in equity we have held that payment of the purchase price alone is not sufficient partial performance to take a case out of the statute of frauds. *Corrado* v. *Montuori*, 49 R. I. 78.

The language of our statute of frauds is clear and comprehensive and bars the maintenance of this action because

**138**

defendant's agreement to purchase the land was not in writing. *Spencer* v. *Lawton,* 14 R. I. 494; *Bowen* v. *Sayles,* 23 R. I. 34; 27 C. J. 192.

Defendant's exception to the decision is sustained. February 5, 1934, plaintiff may appear and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Roger L. McCarthy,* for plaintiff.
*Joseph G. Le Count,* for defendant.